1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON EVERETT PELLUM SR., | ) | Case No.: 1:12-cv-01541 JLT (PC) |
| Plaintiff, | )<br>)<br>) | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS |
| v. | ) | |
| FBI, et. al, | )<br>) | (Doc. 2) |
| Defendants. | )<br>)<br>)<br>) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed on October 12, 2011. (Doc. 1) As is required, the Court now screens the complaint and for the reasons set forth below, the Court **ORDERS** the matter be **DISMISSED** with leave to amend.

**I.  Motion to proceed in forma pauperis**

The Court may authorize the commencement of an action without prepayment of fees "but a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915. The Court has reviewed Plaintiff's motion and determined it satisfies the requirements of 28 U.S.C. § 1915. Therefore, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2), is **GRANTED**.

///

### I. Screening Requirement

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

### II. PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is

not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**III.   Plaintiff's allegations**

Plaintiff alleges that on July 21, 2012, members of the Fresno Police Department entered his home and used excessive force to affect his arrest. (Doc. 1 at 3) He claims that they pushed him over a glass coffee table which shattered. Id. During this incident, Plaintiff claims he suffered a back and neck injury. Id.

Plaintiff attaches bizarre, nonsensical documents to his complaint. However, even still, he fails to describe any wrongful acts by Defendants FBI, the Fresno Child Protective Services Agency or the Apollo Rehabilitation Center in his complaint.

**IV.   The complaint must be dismissed because it fails to state a claim**

   **A.   The Fresno Police Department is not amenable to suit**

To the extent that Plaintiff is attempting to articulate a § 1983 claim against the Fresno Police Department for excessive force, Plaintiff's claim is insufficient. The Fresno Police Department is not a

3

proper defendant under Section 1983. Section 1983 is not itself a source of substantive rights, it provides only a cause of action against any person who, under color of law, deprives an individual of federal constitutional rights or limited federal statutory rights. 42 U.S.C. § 1983; Grahm v. Connor, 490 U.S. 386, 393–394 (1989). The term "persons" encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities. Vance v. Cnty. of Santa Clara, 928 F.Supp. 993, 995–96 (N.D.Cal.1996).

The Fresno Police Department is a municipal department of the City of Fresno and is not considered a "person" within the meaning of Section 1983. See United States v. Kama, 394 F.3d 1236, 1239 (9th Cir.2005) (Ferguson, J., concurring) (noting that municipal police departments and bureaus are generally not considered "persons" within the meaning of Section 1983); Vance, 928 F.Supp. at 995–96 (dismissing sua sponte Santa Clara Department of Corrections as improper defendant); Jewett v. City of Sacramento Fire Dep't, No. CIV. 2:10–556 WBS KJN, 2010 WL 3212774, at *2 (E.D. Aug. 12, 2010) (finding fire department not a "person" under Section 1983 and dismissing suit against it); Wade v. Fresno Police Dep't, No. Civ. 09–0588 AWI DLB, 2010 WL 2353525, at *4 (E.D.Cal. June 9, 2010) (finding police department is not a "person" under Section 1983); Morris v. State Bar of Cal., No. Civ. 09–0026 LJO GSA, 2010 WL 966423, at *3 (E.D.Cal. Mar.11, 2010) (finding that a fire department is a municipal department and therefore not a "person" under Section 1983); Sanders v. Aranas, No. 1:06–CV–1574 AWI SMS, 2008 WL 268972, at *3 (E.D.Cal. Jan.29, 2008) (finding Fresno Police Department improper defendant because it is a sub-division of the City of Fresno); Brockmeier v. Solano Cnty. Sheriff's Dep't, 2006 WL 3760276, *4 (E.D.Cal. Dec.18, 2006) (dismissing Sheriff's Department as an improperly named defendant for purposes of Section 1983). Thus, Plaintiff's claim against the Fresno Police Department is not cognizable under Section 1983.

**B.     The complaint fails to state a claim under Monell**

A claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom or practice ... was the 'moving force' behind the constitutional violation ... suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir.2007) (citing Monell v. Dept. of Social Services, 436 U.S. 658, 694–695 (1978). Here, Plaintiff fails to allege facts demonstrating that his injuries were caused by a deliberate policy, custom or practice instituted by

4

1  Fresno County. This is insufficient to implicate Monell liability. Therefore, Plaintiff's complaint fails
2  to state a cognizable claim as to this defendant.

3      **C.**    **The complaint fails to link the FBI, the Fresno Child Protective Services Agency**
4  **or the Apollo Rehabilitation Center**

5      To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either
6  exhibited some sort of "direct personal participation in the deprivation" or "set[] in motion a series of
7  acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict
8  the constitutional injury." Johnson, 588 F. 2d at 743-744.  There must be an actual causal link
9  between the actions of the named defendants and the alleged constitutional deprivation. See Monell,
10 436 U.S. at 691-692; Rizzo v. Goode, 423 U.S. 362 370-371 (1976); May v. Enomoto, 633 F.2d 164,
11 167 (9th Cir. 1980).  The complaint must specifically allege how each named defendant is liable for
12 the claimed deprivation.

13     However, Plaintiff fails to describe any wrongful action taken by the FBI, the Fresno Child
14 Protective Services Agency or the Apollo Rehabilitation Center.  Thus, Plaintiff has not stated a claim
15 against any of these defendants.

16     **D.**    **Plaintiff cannot state a claim against the FBI**

17     Under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 397 (1971), a plaintiff
18 may state a cause of action for damages against federal agents who violated the plaintiff's
19 constitutional rights. F.D.I. C. v. Meyer, 510 U.S. 471, 473 (1994). No similar cause of action exists
20 against federal agencies. Id. at 473, 486. Accordingly, Plaintiff cannot pursue a cause of action against
21 the FBI.  Therefore, as to the FBI, the matter is **DISMISSED without leave to amend.**

22 **V.**    **Leave to Amend**

23     The Court will provide Plaintiff a final opportunity to amend his pleading to cure the
24 deficiencies noted in this order, except as to the FBI which the Court denies leave to amend.  See Noll
25 v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend
26 his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be
27 cured by amendment.") (internal quotations omitted). In his second amended complaint, **Plaintiff**
28

**must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action.**

In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

### IV.    CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. As to the FBI, Plaintiff's complaint (Doc. 1) is **DISMISSED without leave to amend**;
2. As to the remaining defendants, Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **December 3, 2012**                    /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE