UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EVERETT PELLUM SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FBI, et. al, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 1:12-cv-01541 JLT (PC) <br><br> ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER <br><br> (Doc. 7). |

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On December 3, 2012, the Court dismissed Plaintiff's Complaint, but allowed him to file an amended complaint within 21 days to address the deficiencies outlined by the Court.  (Doc. 6).  The Court's order warned Plaintiff at that time that if he failed to comply with the order, the matter may be dismissed.  (Id.).  Despite the Court's order and warning, Plaintiff did not file an amended complaint.

    This Court then issued an order to show cause to Plaintiff on January 2, 2013 to show why this action should not be dismissed for failure to prosecute or follow the Court's Order.  (Doc. 7).  The Court's January 2, 2013 Order to Show Cause Ordered Plaintiff to do the following within 14 days of the Court's order: 1) to show cause in writing why this action should not be dismissed for failure to prosecute or follow the Court's Order and 2) to file a First Amended Complaint curing the deficiencies identified by the Court in its December 3, 2012 order. (Doc. 6).  As of the filing of this order, Plaintiff

has failed to do any of the actions ordered by the Court on January 2, 2013.

For the reasons set forth below, the Court dismisses Plaintiff's Complaint for failure to prosecute his Complaint and failure to comply with the Court's orders.

**I.     Discussion and Analysis**

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; *see also* Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See* Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure prosecute the action and respond to the Court's order to show cause. Further, the factors in favor of dismissal outweigh the policy favoring disposition of cases on their merits.

In its January 2, 2013 Order, the Court warned Plaintiff that if he failed to comply with the order, the Court would dismiss the action. (Doc. 7). Since Plaintiff had adequate warning that

2

dismissal would result from his noncompliance with the Court's order, the requirement that the Court consider less drastic measures than dismissal of the action is satisfied.  Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d at 1424.  Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

Accordingly, IT IS HEREBY ORDERED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE; and
2. The Clerk of Court shall close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **January 18, 2013**              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE